

FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
IN ADMIRALTY

TRAMMO NAVIGATION A.G.,

    Plaintiff,

vs.

CASE NO. 8:02-CV-622-T-27MAP

P.M.I. TRADING LIMITED,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Trammo Navigation A.G. ("Trammo"), by its undersigned attorneys, sues the defendant, P.M.I. TRADING LIMITED ("PMI"), and as grounds alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction under 28 U.S.C. §1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Plaintiff, Trammo, was and still is a corporation organized and existing under the laws of Switzerland with an office and place of business located at 350 Park Avenue, Suite 400, New York, NY 10022, and is engaged in business as a carrier of merchandise by water aboard vessels.

3. Defendant, PMI, was and is a corporation organized and existing under the laws of Mexico with an office and place of business located at Avenida Marina Nacional No. 328, 11311 Mexico, D.F., Mexico.



{TP054798;1}

4. On or about February 18, 1999, Transammonia, Inc. agreed to purchase 18,600 metric tons of anhydrous ammonia from PMI. The purchase price was $86 per metric ton, FOB ("Free On Board") Pajaritos, Mexico.

5. On behalf of Transammonia, Inc., Trammo provided the COURCHEVILLE to accept delivery of the cargo of anhydrous ammonia in Pajaritos. Trammo had chartered the vessel from Exmar, N.V. under a Shelltime 3 charter dated January 22, 1999. The cargo was loaded aboard the vessel on or about April 11 and 12, 1999.

6. The vessel carried the cargo of anhydrous ammonia to Giesmar and Tampa, where it was delivered on or about April 14 to 19, 1999.

7. After the delivery of the cargo, Exmar N.V. presented Trammo with a claim for $1,023,708.02 plus interest and legal costs, contending that the cargo of anhydrous ammonia was unfit for carriage as it was contaminated with solid carbon particles which caused extensive damage to the vessel pumps.

8. If Exmar N.V. suffered any damage or loss, which is disputed by Trammo, such loss or damage resulted solely from the act or fault, neglect, want of care, breach of contract and breach of warranties express and implied on the part of PMI, its agents, servants, and employees in tendering a cargo of anhydrous ammonia contaminated with solid carbon particles without any contributory fault on the part of Trammo.

9. By reason of the aforesaid, if any liability should be judged and imposed upon Trammo, then Trammo is entitled to indemnity and/or contribution from PMI, together with costs, attorneys' fees and disbursements.

WHEREFORE, plaintiff, Trammo Navigation A.G., prays that:

A. Judgment be entered against defendant for all sums, if any, which may be recovered by Exmar N.V. from plaintiff, together with costs, attorneys' fees and disbursements.

B. Whether or not Exmar N.V. prevails, indemnity and/or contribution, including costs and disbursements of this action, be granted in favor of plaintiff Trammo Navigation A.G. against defendant; and

C. This Honorable Court grant such other, further, or different relief as it may deem just and proper.

Dated: April 11, 2002

_____
ANTHONY JOHN CUVA
Florida Bar No. 896251
MARGARET D. MATHEWS
Florida Bar No. 348430
AKERMAN, SENTERFITT & EIDSON, P.A.
100 South Ashley Drive, Suite 1500
Tampa, Florida 33601
Telephone (813) 223-7333
Facsimile (813) 223-2837
E-Mail: acuva@akerman.com
Local Counsel for Plaintiff
Designated Trial Counsel Pursuant to Local
Rule 1.05(c)

-and-

TERRY L. STOLTZ, Esquire (TS 7650)
BURLINGHAM UNDERWOOD LLP
One Battery Prk Plaza
New York, NY 10004
(212) 422-7585