FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

02 DEC -3 PM 3:13

TRAMMO NAVIGATION A.G.,

        Plaintiff,

v.                                    Case No. 8:02-cv-622-T-27MAP

P.M.I. TRADING LIMITED,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Amended Motion to Dismiss and Memorandum of Law in Support (Dkt. 7) and Plaintiff Trammo Navigation A.G.'s Memorandum of Law in Opposition (Dkt. 9). Defendant's Amended Motion to Dismiss is GRANTED.

In its motion, Defendant contends that this Court lacks subject matter jurisdiction, the Complaint fails to state a claim and in the alternative, seeks a stay of this action pending arbitration.[1]

In its Complaint, Plaintiff asserts admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and that the action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. (Dkt. 1). Defendant contends that the lawsuit does not involve a maritime contract or any other subject matter that would invoke the Court's admiralty jurisdiction. Additionally, Defendant contends that Plaintiff's indemnification claim is premature and does not present a case or controversy ripe for decision under Article III.

Plaintiff brought this action against Defendant seeking indemnification for claims it alleges

---

[1] Plaintiff consents to a stay of this matter pending completion of arbitration. (Dkt. 9).



had been made against Plaintiff by Exmar N.V. ("Exmar"), the owner of the M/T Courcheville. In its Complaint, Plaintiff alleges that P.M.I. ("PMI") agreed to sell 18,600 tons of anhydrous ammonia to Transammonia, Inc. ("Transammonia") to be delivered F.O.B. in Mexico. The agreement was memorialized by contract. (See Marinelli Affidavit, Dkt. 7, Ex. B)[2] The contract incorporated INCOTERMS 1990 which required PMI, as an FOB seller, to load the parcel aboard an ocean going vessel to be nominated by Transammonia. (Id., Exhs. B and C). According to the Complaint, Trammo chartered the M/T Courcheville from Exmar and the vessel carried the cargo of anhydrous ammonia to Tampa where it was delivered.

According to the Plaintiff, after delivery of the cargo, Exmar presented Trammo with a claim for damages, contending that the cargo of anhydrous ammonia "was unfit for carriage as it was contaminated with solid carbon particles which caused extensive damage to the vessel's pumps." (Dkt. 1, ¶ 7). In its Complaint, Plaintiff seeks indemnification from Defendant for claims made against Plaintiff by Exmar.

A motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); South Florida Water Management District v. Montalvo, 84 F.3d 402, 406 (11th Cir. 1996). All well pleaded factual allegations are accepted as true and are viewed in the light most favorable to the non-moving party. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint;

---

[2] In considering the Motion to Dismiss, documents referenced in a complaint may be considered when attached to the motion to dismiss and where the documents are central to the plaintiff's claim, are undisputed and the authenticity of the documents have not been challenged. See Horsley v. Feldt, 304 F.3d 1125 (11th Cir. 2002).

it does not decide the merits of the case. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). Under Rule 8, Fed. R. Civ. P., a plaintiff need only supply a short and plain statement of the claim showing that it is entitled to relief and must only give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 85.

### *Subject Matter Jurisdiction*

To support admiralty jurisdiction in a suit for breach of contract, the underlying contract must be wholly maritime. Lucky-Goldstar Int'l (America), Inc. v. Phibro Energy Int'l, Ltd., 958 F.2d 58, 59 (5th Cir. 1992). For admiralty jurisdiction to exist, the subject contract must be wholly maritime in nature or any non-maritime elements must be either insignificant or separable. Wilkins v. Commercial Investment Trust Corp., 153 F.3d 1273, 1276 (11th Cir. 1998). The subject of a maritime contract must be " . . . necessary to the operation, navigation, or management of a ship." Id. (*citations omitted*).

To invoke this Court's maritime jurisdiction pursuant to 28 U.S.C. § 1333, Plaintiff must necessarily rely on PMI's contract to sell the anhydrous ammonia to Transammonia and PMI's contractual obligation to ship the anhydrous ammonia by sea. A principle purpose of that contract was the land based sale of the anhydrous ammonia by PMI to Transammonia. It has been deemed as "well established that such a sale of goods by itself would not be 'maritime' merely because the seller agrees to ship the goods by sea to the buyer." Lucky-Goldstar Int'l (America), Inc. v. Philbro Energy Int'l, Ltd., supra, *citing* Armour & Co. v. Fort Morgan Steamship Co., 270 U.S. 253, 259 (1926). It cannot be said, therefore, that the underlying contract between PMI and Transammonia was "wholly maritime", which would invoke this Court's admiralty subject matter jurisdiction under 28 U.S.C. § 1333.

In its response to the Amended Motion to Dismiss, Plaintiff summarily asserts "[w]hether the claim is based on the United States Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. §§1300, et. seq., or general maritime law, the claim is within this Court's admiralty and maritime jurisdiction under 28 U.S.C. § 1333." (Dkt. 9, p.4-5). Contrary to this contention, the allegations in Plaintiff's Complaint do not invoke jurisdiction under COGSA. Plaintiff has not alleged that the anhydrous ammonia was "inflammable, explosive or dangerous", as required by § 1304(6) of the COGSA. Plaintiff only alleges that the "cargo of anhydrous ammonia was unfit for carriage as it was contaminated with solid carbon particles which caused excessive damage to the vessel pumps." (Dkt. 1, ¶ 7). Moreover, as Defendant correctly points out, a claim for indemnification does not fall within the purview of federal question jurisdiction. Accordingly, the Court concludes that it does not have subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 or the United States' Carriage of Goods by Sea Act, 46 U.S.C. § 1300, *et. seq.*[3] Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Amended Motion to Dismiss (Dkt. 7) is GRANTED. Any pending motions are DENIED as moot. The Clerk is directed to close this file.[4]

**DONE AND ORDERED** in chambers this 3rd day of December, 2002.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Courtroom Deputy
Law Clerk

---

[3] Given the Court's conclusion that it lacks subject matter jurisdiction, it is unnecessary to address the merits of Defendant's contention that the Complaint does not present an issue ripe for consideration under Article III. See Armstrong v. Alabama Power Co., 667 F.2d 1385 (11th Cir. 1982).

[4] In the event Plaintiff believes it could amend its Complaint to properly invoke either this Court's admiralty jurisdiction or federal question jurisdiction, this dismissal is without prejudice. Plaintiff is cautioned, however, assuming it could establish subject matter jurisdiction, to present an issue ripe for consideration under the authority of Armstrong v. Alabama Power Co., supra.

F I L E   C O P Y

Date Printed: 12/04/2002

Notice sent to:

    ___  Anthony John Cuva, Esq.
         Akerman, Senterfitt & Eidson, P.A.
         100 S. Ashley Dr., Suite 1500
         P.O. Box 3273
         Tampa, FL  33601-3273

    ___  Margaret Diane Mathews, Esq.
         Akerman, Senterfitt & Eidson, P.A.
         100 S. Ashley Dr., Suite 1500
         P.O. Box 3273
         Tampa, FL  33601-3273

    ___  Terry L. Stoltz, Esq.
         Burlingham Underwood LLP
         One Battery Park Plaza
         New York, NY  10004

    ___  Paul E. Parrish, Esq.
         Holland & Knight, LLP
         400 N. Ashley Dr., Suite 2300
         P.O. Box 1288
         Tampa, FL  33602-1288